IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 13-cv-01361-LTB

IZAN E. CORTEZ,

        Plaintiff,

v.

CAROLYN W. COLVIN, Commissioner of Social Security,

        Defendant.

_____

ORDER ON MOTION FOR REMAND
_____

This matter is before me on a Motion for Remand filed by Plaintiff, Izan E. Cortez, in which she asked that this Court remand this matter to the Social Security Administration (the "SAA") for reconsideration, prior to my judicial review of the SSA Commissioner's final decision denying her applications for disability insurance benefits and for supplemental security income. [**Doc #16**]  After consideration of the briefing and the relevant legal authority, I GRANT the motion and REMAND the matter to the SSA.

**I. BACKGROUND**

Plaintiff filed an application for disability insurance benefits on July 28, 2010, pursuant to Title II of the Social Security Act, 42 U.S.C. §§ 401-433, and an application for supplemental security income on August 10, 2010, pursuant to Title XVI of the Social Security Act, 42 U.S.C. §§1381-1383c.  After the applications were initially denied, an Administrative Law Judge ("ALJ") conducted an evidentiary hearing and subsequently issued a written ruling denying her applications on the basis that she was not disabled from the onset date of July 2, 2009, through

May 3, 2012, the date of the ALJ's decision. The SSA Appeals Council subsequently denied Plaintiff's administrative request for review of the ALJ's determination, making the SSA Commissioner's denial final for the purpose of judicial review.  Plaintiff timely filed her complaint with this court, seeking review of the Commissioner's decision.

## II. MOTION FOR REMAND

After this appeal was fully briefed by the parties, Plaintiff filed this motion in which she avers that she filed a "subsequent application for Social Security Disability benefits," and that the SSA ruled in favor, on February 7, 2014, by finding that she became disabled on May 4, 2012 – the day after the ALJ's decision in this matter was issued denying her initial applications. As such, Plaintiff contends that, "[g]iven the successful second application for benefits, with a finding a disability effective May 4, 2012, the record in this claim merits a remand, pursuant to 42 U.S.C. §405(g) – sentence 4" as the ALJ's decision in this case "is not supported by the substantial evidence . . . and Plaintiff's claim for benefits should be reconsidered."  *See* 42 U.S.C. §405(g) - sentence 4 (providing that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing").

Contrary to Plaintiff's argument, the fact that the SSA subsequently determined that Plaintiff was disabled as of May 4, 2012 does not render the ALJ's decision in this case – which was for the period of July 2, 2009 through May 3, 2012 – not supported by substantial evidence. *See Chamblin v. Astrue,* 2010 WL 3843031, 3 (D.Colo. 2010)(unpublished)(ruling that a subsequent favorable award is not preclusive, since it may involve "different medical evidence, a different time period, and a different age classification")(*quoting Hayes v. Astrue*, 488 F.Supp.2d

560, 565 (W.D. Va. 2007); *Bruton v. Massanari*, 268 F.3d 824, 827 (9th Cir. 2001)). Thus, I decline Petitioner's request for remand pursuant to the fourth sentence of 42 U.S.C. §405(g).

Instead, I agree with the Commissioner that to the extent that the subsequent favorable ruling should be considered, it constitutes the consideration of new evidence governed by the sixth sentence of 42 U.S.C. §405(g), which provides, in relevant part, that "[t]he court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."

The Commissioner argues that Plaintiff has not submitted any evidence – beyond the first page of the SSA ruling in her favor dated February 7, 2014, attached to her reply – or made any argument as to why the subsequent award of disability conflicted with or undermined the ALJ's ruling at issue here.  However, my review of the case law reveals that federal district courts have concluded that "where a second social security application finds a disability commencing at or near the time a decision on a previous application found no such disability, the subsequent finding of a disability may constitute new and material evidence, justifying remand."  *Chamblin v. Astrue*, *supra* (*quoting Hayes v. Astrue*, *supra*, 488 F.Supp.2d at 565); *see also Luna v. Astrue,* 623 F.3d 1032, 1034 (9th Cir. 2010); *Lively v. Astrue,* 2012 WL 764463, 1 (D.Colo. 2012).

As a result, I conclude that the February 7, 2014 Notice of Award finding Plaintiff disabled as of May 4, 2012 constitutes new evidence material to her appeal of the denial of her applications at issue here, pursuant to the sixth sentence of 42 U.S.C. §405(g).

ACCORDINGLY, for the foregoing reasons, I GRANT Plaintiff's Motion for Remand [**Doc #16**], and I ORDER that the decision of the Commissioner is this matter is REVERSED and REMANDED for further administrative proceedings consistent with this Order and 42 U.S.C. § 405(g).

Dated:  September  10 , 2014 in Denver, Colorado.

BY THE COURT:

 s/Lewis T. Babcock

LEWIS T. BABCOCK, JUDGE